[No. 3,394.]

## SAXTON *v.* KNEELAND.

OFFSET—BURDEN OF PROOF.—Where a claim which has been assigned to a party defendant in an action, and paid by him, is offered in evidence as an offset against the demands of the plaintiff, the burden of the proof as to settlement of the claim by plaintiff rests upon the plaintiff, and the defendant has a right to have the credibility of the testimony upon the point submitted to the jury.

APPEAL from the District Court of the Fourteenth Judicial District.

The complaint alleges that the plaintiff cut and hauled eight hundred and twenty-six thousand feet of logs for lumber for the defendant, under a contract with him, and asks judgment for the value of the same. The answer denies the contract, and avers that the defendant had a contract with Bean Brothers, by which all the logs he used were furnished; that whatever logs the plaintiff furnished were delivered under a contract between them and Bean Brothers, and that the defendant had paid for the logs he had received. The case was tried by the Court without a jury. The defendant testified that he had paid an order by one Banks on the plaintiff for three hundred and eighty-eight dollars due for cutting logs, and offered the order in testimony. Banks was called by the plaintiff and testified that after he had given the order he took a note from the plaintiff in payment of the same claim without mentioning the order. The Court instructed the jury that they should not consider the order in testimony. The plaintiff had judgment and the defendant appealed.

*Hamilton*, for Appellant, argued that the order should have been allowed to go to the jury as an evidence of bad faith on the part of the plaintiff in settling the claim—the defendant being entitled to credit for the amount of the order as an offset.

*Fellows*, for Respondent.

The defendant had pleaded the order given to him by Banks as an offset to the demand of the plaintiff. The plaintiff gave Banks his promissory note, payable at a future time, the consideration of which was the identical demand for which Banks had given defendant an order on plaintiff. The note was given without notice of the order given by Banks to defendant, and was assigned before maturity, and it was proper for the plaintiff to show these facts.

That the holder of negotiable paper, assigned before maturity, and without notice of payment or existing equities, can enforce collection, is a principle of law so well understood that it becomes unnecessary to cite authorities.

By the COURT:

On looking into the record we see that the assignments of error, from the first to the seventh, are wholly insufficient—they specifying nothing. But, if the specifications had been sufficient, the result would have been the same, for there are no errors upon which the specifications could have been rested.

The point most relied upon in the argument for the appellant was put upon the exclusion of the evidence showing how much lumber Bean Brothers hauled. But it appears that, though this was at first excluded, the defendant Kneeland was afterwards permitted to testify that " Bean Brothers cut and hauled seven hundred and sixty-eight thousand feet

of the one million four hundred and six thousand feet of logs delivered during the season."

But the defendant having proven that he was the assignee of the Banks claim against the plaintiff, the only way in which the latter could escape responsibility thereon to the defendant was by showing that they had in good faith settled the claim with Banks. The burden was on the plaintiff, and the defendant had a right to have the credibility of the testimony upon that point submitted to the jury for their consideration.

Judgment and order reversed and cause remanded for a new trial.